ANDREWS, Judge.
This is an appeal from a final decree of divorce and lump sum alimony awarded Ruth Daniel, the plaintiff, from Domer D. Daniel, defendant.
Ruth Daniel married Domer D. Daniel, who had never been married before, on December 30, 1956. The husband was aged 74 at the time the suit was brought in 1962. The wife is approximately 13 years younger than the husband. The record discloses, to say the least, that their married life was rocky from the beginning.
The plaintiff brought this action for alimony without seeking a divorce as authorized by F.S.A. § 65.09, and “such other relief as to the court seems just and proper from the evidence.” Defendant filed an answer and counterclaimed for absolute divorce.
After extensive testimony on the grounds of both parties and the financial ability of the defendant, the court awarded divorce to the plaintiff, together with lump sum alimony in the amount of $24,000, and attorney’s fee for her attorney in the amount of $4,000. Neither party approves of the decree.
The court is called upon to consider four issues on this appeal. First, did the plaintiff establish her right to alimony unconnected with divorce as authorized by F.S.A. § 65.09? Second, did the court have authority to award an absolute divorce to the plaintiff? Third, was the award of lump sum permanent alimony in the amount of $24,000 proper? Fourth, is the sum of $4,000 a reasonable attorney’s fee awarded plaintiff’s attorney?
Our review of the record confirms the finding of the chancellor that the plaintiff is entitled to alimony under the provisions of F.S.A. § 65.09.
On the second issue we cannot agree that the chancellor could award absolute divorce to the plaintiff when such was not requested. Divorce as authox'ized under F.S.A. §§ 65.01 through 65.08, inclusive, is a separate cause of action from the statute which authorizes a wife to ob *182 tain alimony without seeking a divorce as authorized by F.S.A. § 65.09. Although our Rules of Civil Procedure (F.R.C.P. 1.8, 30 F.S.A.) have broadened considerably the right of an equity court to grant any relief reasonably in conformity with the complaint, they are not broad enough to grant relief in a cause of action in which relief is not requested.
In order to obtain relief under the separate alimony statute it is necessary for the wife to allege and prove grounds which would be sufficient for a divorce should she ask for it. She did allege sufficient grounds but did not ask for divorce, but specifically asked only for separate maintenance. Under such circumstances the court cannot force upon her a divorce against her will. Chaires v. Chaires, 1863-64, 10 Fla. 308.
The history of the laws of divorce and for alimón}^ unconnected with divorce clearly show the intent of the legislature to provide two separate causes of action.
The first divorce statute enacted in Florida was an Act of the Legislative Council of October 31, 1828. The authority for the granting of divorces was placed in the Superior Court, which later became the Circuit Courts. §§11 and 12 of said Act provided for alimony separate from divorce, but provided that the proceedings would be brought in the County Court. This Act was later repealed and then reenacted, but remains substantially the same today, except that jurisdiction over both types of actions is now vested in the Circuit Court. Such fact, however, is not sufficient to go to the extent of saying that there can be a merger of the two separate causes of action in the discretion of the court. The right of the wife to do this, even in the face of the change in the name of the courts, was upheld in Chaires v. Chaires, supra. The reason for providing for such separate action is one that is deeply ingrained in the Anglo-Saxon concept of marriage, and has the effect of restraining a husband from incurring new family obligations under circumstances where he has failed in his obligation under his marriage contract.
We need not inquire as to her motives for seeking alimony unconnected with divorce, and while the particular facts and circumstances in the case before the court here might justify a holding to the contrary, we cannot approve a decree which, in effect, makes inoperative F.S.A. § 65.09 to all intents and purposes, and might not be proper if the circumstances were otherwise. Davis v. Davis, 1930, 209 Iowa 1186, 229 N.W. 855. The Davis case, supra, although based on common law concepts in effect in that State, is such that it reflects the statutory provisions in effect in Florida.
While it may be true that the evidence is replete with facts from which it must be clear to all that the plaintiff and the defendant are mismated and cannot continue their marital relationship, and for that reason in the long run it would be better for society and for the parties that they be divorced and their unfortunate misalliance be ended, yet, in view of the fact that the defendant is the transgressor and the plaintiff is compelled to live separate and apart from him without fault on her part sufficient to entitle him to divorce, and in view of the fact she declines to be divorced although entitled to a divorce, she cannot be coerced into assuming a status she declines to enter, namely, that of a divorcee. Reed v. Reed, 1956, 130 Mont. 409, 304 P.2d 590.
There are a number of states that have held to the contrary. Such decisions sustain rulings by lower courts wherein absolute divorces were granted when the complaint asked only for alimony separate-from divorce. Lingner v. Lingner, 165 Tenn. 525, 56 S.W.2d 749, and Ratcliffe v. Ratcliffe, 308 Mich. 488, 14 N.W.2d 127. However, by statute Michigan and Tennessee have granted to the court authority to-use its sound discretion where alimony separate from divorce is requested. No such discretion is allowed by the Florida statutes.
*183 As to the third point, it would he manifestly improper for a lump sum award of alimony unconnected with divorce inasmuch as the wife would have such payment and at the same time retain her right to dower in the husband’s estate should he predecease her. The amount allowed the plaintiff’s attorneys as fees, upon a review of the record, is reasonable.
Accordingly, the decree is reversed with directions to enter such decree as will conform to the principles set forth in this opinion.
Reversed.
WHITE, Acting C. J., and DRIVER, B. I., Associate Judge, concur.