WIGGINTON, Judge.
Appellant husband, defendant in the trial court, seeks review by interlocutory appeal of an order requiring him to provide his wife with sufficient funds to procure suitable living quarters outside of the marital home for herself and the minor children or, in the alternative, that he vacate the marital home except for reasonable visitation with the children. The order recites that it is made pursuant *248 to the provisions of our statute relating to alimony pendente lite.[1]
It is appellant’s position that the challenged order is void and should be reversed because it was rendered by the court without notice to the parties and purports to award temporary alimony, support for and custody of the children to the wife, without evidentiary support in the record as to the needs of the wife or the financial ability of the husband to respond.
From those portions of the original court record which have been brought here for review, it appears that the hearing which resulted in the rendition of the order here complained about was held before the trial court without objection and with both parties represented by their respective counsel. We find from the transcript of the eviden-tiary hearing held before the court on November 26, 1969, the sworn and undisputed averments of need by the wife contained in her motion for an allowance of support and alimony, and the answer by appellant to interrogatories in which he disclosed his assets and income from the practice of law in Tallahassee, ample proof of need and faculties to süstain the order here questioned.
An examination of the order reveals that it contains no provisions which could be construed as constituting an award to the wife of temporary alimony, custody of and support for the children, or attorney’s fees and costs of the suit. These are matters which must necessarily be determined on the basis of evidence to be adduced by the parties in a proper proceeding conducted for that purpose. The order appealed is accordingly affirmed.
CARROLL, DONALD K„ Acting C. J., and SPECTOR, J., concur.

. F.S. § 61.071, F.S.A.