330 So.2d 778 (1976)
Harrington CHANDLER and Altamease Chandler, His Wife, Appellants,
v.
Annie D. CHANDLER, Appellee.
No. Y-6.
District Court of Appeal of Florida, First District.
April 13, 1976.
Rehearing Denied May 18, 1976.
*779 Ray D. Helpling, of Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon, Langdon & Helpling, Gainesville, for appellants.
S. David Cox and Don Peters, Gainesville, for appellee.
SACK, MARTIN, Associate Judge.
The instant case concerns certain real property located in Bradford County. The issue is whether the trial court erred in basing its final judgment on an issue not raised in the pleadings.
In their complaint in ejectment, appellants alleged that they, rather than appellee owned the land in question. Appellee's answer asserted that she was the true owner of the property by virtue of her husband's purchase of the land from appellants and raised adverse possession as an affirmative defense. At trial, while the great bulk of the evidence presented by appellee related to her adverse possession defense, appellee testified that appellant Harrington Chandler told her sometime after her marriage to Harrington's brother in 1968, that she and her husband could remain on the property until they were both 100 years old, so long as they paid the taxes. Appellant Harrington Chandler denied making the aforesaid promise to appellee and her husband. Further, Lily Chandler testified that after appellee's husband died, appellee confided to her that Harrington Chandler was the owner of the disputed property and that Harrington was going to put her out if she did not pay rent.
In its final judgment, the trial court denied appellants' complaint for ejectment as well as appellee's claim for title by adverse possession, but did grant appellee a life estate in the property, because of appellee's reliance on appellant Harrington Chandler's representation to appellee and her late husband that they could live on the land until they were 100 years old so long as they paid the taxes. The trial court concluded that since appellants had failed to refute appellee's testimony regarding the alleged representation, "it would be unconscionable to do other than equity under the circumstances and the facts as presented in this case."
The general rule is that a judgment based upon a matter entirely outside of the issues made by the pleadings cannot stand. Cortina v. Cortina, Sup.Ct.Fla. 1957, 98 So.2d 334. Clearly, the defenses raised by appellee in her answer (title by adverse possession and/or through purchase of the property) did not include the defense of title based on reliance by appellee on representations made to her by appellant. Appellee relies on Rule 1.190(b), RCP, which provides that failure to amend the pleadings to conform to the evidence shall not affect the result of the trial of issues not raised by the pleadings but tried by express or implied consent of the parties. Thus, appellee claims that since the facts tending to show a life estate in appellee were litigated without objection by appellants and with their express or at least their implied consent, the final judgment should not be disturbed.
The crucial question is whether the "life estate" issue was tried by the express or implied consent of the parties. Our examination of the record reveals that it was not. From the outset, appellee sought fee simple absolute title to the property in question on the theories of prior purchase and adverse possession. While little effort was made to establish the prior purchase theory, a great deal of testimony was presented to prove the theory of adverse possession. Since the statement by appellee regarding appellant Harrington Chandler's promise to let appellee and her husband stay on the land until they were 100 years old tended to disprove the adverse possession theory, it is not surprising that appellants failed to object at the time the statement was uttered. As indicated in their motion for rehearing before the trial *780 court, appellants were understandably surprised when evidence apparently favorable to their case was used against them. We appreciate the well-meaning attempt of the trial judge to "do equity". However, the final judgment in the instant case must be reversed because it is premised upon an issue not expressly or impliedly tried by both parties. See Neveils v. Thagard, Fla.App. 1st 1962, 145 So.2d 495.
Accordingly, the final judgment is reversed with directions that judgment be entered in favor of appellants.
MILLS, J., concurs, and BOYER, C.J., concurs specially.
BOYER, Chief Judge (specially concurs).
I concur that reversal is required because the final judgment is based upon issues outside the pleadings and that under the facts recited in the majority opinion it cannot be said that the parties either expressly or impliedly agreed to try those issues, though not framed by the pleadings.
However, in my view, it is not necessary for us to base our decision upon a strict construction of the pleadings. Even if the pleadings had raised the issue regarding a life estate owned by appellee and her late husband, the evidence would not support the conclusion reached by the trial court. The precise testimony of appellee relied upon by the trial court in awarding the life estate is: "He (appellant Harrington Chandler) said, `Annie D.,' he said, `you can live on this land until you get to be 100,' he said, `but I can't deed it to you. You just keep up the taxes.'" While the above-quoted testimony is perhaps sufficient to establish an estate for years, it is insufficient as a matter of law to establish a life estate. An estate for years entitles one to the possession of land for some determinate period but is not a freehold estate, while a life estate is a freehold interest in land which may be sold, mortgaged, or otherwise encumbered. See 31 C.J.S. Estates §§ 12 and 30. Therefore, under no construction of the evidence may a life estate in appellee be sustained.