374 So.2d 1085 (1979)
Wesley JAMES, Appellant,
v.
Shirley JAMES, Appellee.
No. LL-482/NT 1-24.
District Court of Appeal of Florida, Fifth District.
August 28, 1979.
*1086 Geoffrey B. Dobson, of Meredith & Dobson, St. Augustine, for appellant.
Paul L. Martz, of Martz & McClure, St. Augustine, for appellee.
MITCHELL, HENRY CLAY, Jr., Associate Judge.
Appellant-Husband, appeals from a final judgment of dissolution of marriage awarding the Appellee-Wife permanent alimony.
The crucial question is whether the alimony issue was raised in the pleadings or tried by the expressed or implied consent of the parties. We find that it was not.
In the wife's petition for dissolution of her marriage, she demanded the following relief: a dissolution of her marriage, child custody, child support, exclusive use of the residence, restraining order and attorney's fees and costs.
The general rule is that a judgment based upon a matter entirely outside of the issues made by the pleadings cannot stand. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957) and Chandler v. Chandler, 330 So.2d 778 (1st DCA 1976).
Appellee-Wife claims that the issue of alimony was tried by the expressed or implied consent of the parties. Rule 1.190(b) of the Rules of Civil Procedure provides that when issues not raised by the pleadings are tried by the expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. An examination of the record reveals that this issue was not tried by the expressed or implied consent of the parties. In addition, we find that the evidence presented would not support an award of permanent alimony.
Accordingly, that part of the final judgment awarding alimony to the wife is vacated, and the final judgment is otherwise affirmed.
Appellee's motion for attorney's fees is denied.
Affirmed in part, reversed in part.
MILLS, J., concurs.
ROBERT P. SMITH, Jr., J., concurs specially. (Associate Judges, sitting by assignment pursuant to Supreme Court administrative order filed July 17, 1979).
ROBERT P. SMITH, Jr., Judge, specially concurring:
I conceive that the wife's petition for dissolution fairly alleged her inability to provide reasonable support for herself, and that the prayer may be considered as for relief consistent with that allegation, including alimony. I agree that the wife's entitlement to permanent periodic alimony was not demonstrated, but would reverse without prejudice to the court's consideration of rehabilitative alimony.