PER CURIAM.
Appellant contends that it was not proper for the trial court, in this dissolution proceeding, to award the husband the wife’s one-half interest in the parties’ marital home when the husband had no special equity in the home and the award did not constitute lump sum alimony. We agree and reverse.
It is well-established that in a marriage dissolution proceeding, absent any showing by either spouse as to why one should be awarded more than an equal proportion of real property held as tenants by the entireties, the record title speaks for itself. Ball v. Ball, 335 So.2d 5 (Fla.1976). In the present case neither party asserted a special equity in the marital home, nor would the record support such a finding as it is clear that the home was purchased with funds accumulated jointly by the parties during the marriage. The award here cannot be considered lump sum alimony necessary to insure equitable distribution of the property acquired during the marriage, held to be within the trial court’s discretion in Robinson v. Robinson, 1980 FLW 597 (Fla.1980), because there was no request for alimony. Thus, it was error for the trial court to direct the wife to convey her interest in the marital home to the husband.
We recognize that final judgments in dissolution cases encompass awards which are interdependent, therefore we reverse and remand for reconsideration of the final judgment in light of this opinion.
Reversed and remanded.
SMITH, LARRY G., J., and LILES, WOODIE A. (Retired), and PEARSON, TILLMAN (Retired), Associate Judges, concur.