406 So.2d 1223 (1981)
Willie Lee COOPER, Sr., Appellant,
v.
Mae France COOPER, Appellee.
No. 81-123.
District Court of Appeal of Florida, Fourth District.
December 2, 1981.
Allen R. Bosworth of Legal Aid Service of Broward County, Inc., Fort Lauderdale, for appellant.
Irwin A. Berkowitz, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellant seeks reversal of those portions of a final judgment of dissolution whereby appellee was awarded permanent alimony and a reasonable attorney's fee.
He first argues that permanent alimony should not have been awarded because appellee's Answer and Counterpetition contain neither any allegation upon which an award of alimony could be made nor a prayer therefor. The record supports appellant's contention. Appellee's counsel first made reference to a claim for alimony during his opening statement:

*1224 [W]e will request the Court award a lump sum alimony of the home to the wife.
In response to this claim appellant's counsel, during his opening statement, objected.
MR. BOSWORTH: I would just like to point out, counsel has not pled any basis for alimony, whatsoever; nor has he requested it in his prayer for relief, answer, or his counterclaim, any award of lump sum alimony.
MR. BERKOWITZ: I have, Your Honor.
MR. BOSWORTH: He has requested adjudication of property rights, not 
MR. BERKOWITZ: Well, paragraph seven, that the property is located as follows  the respondent asserts a certain equity in the real property. She has made all payments, maintenance and upkeep on the real property.
MR. BOSWORTH: When you are talking alimony, you are talking ability to pay and need. That's not alleged.
MR. BERKOWITZ: We have asked for the Court to award the respondent alimony in this action.
THE COURT: Where is it? I am looking at your counter-petition. I don't see any request of alimony.
MR. BERKOWITZ: Well, Your Honor, if the situation arises, I would make an ore tenus motion at the close of the evidence and amend my pleadings to conform with the evidence. However, at this point, I would just allege the special equity in the house.
MR. BOSWORTH: I would note a continuing objection at this point, then, to any evidence that is going to be coming in to show the need or ability to pay alimony. Obviously, we are going to have to investigate these issues, as far as child support is concerned; but when we are talking about alimony, I am not prepared to defend alimony. I would have taken depositions if I would have known alimony is being requested.
THE COURT: I will sustain the objection.
At the close of the evidence appellee's counsel made no motion to amend the pleadings to conform to the evidence. Notwithstanding the foregoing, the trial court awarded the wife $100 per month as permanent alimony.
To be sure, a judgment based upon a matter entirely outside the issues made by the pleadings cannot stand. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Chandler v. Chandler, 330 So.2d 778 (Fla. 1st DCA 1976). This general rule was applied in James v. James, 374 So.2d 1085 (Fla. 5th DCA 1979), which is directly on point. There, the Fifth District Court of Appeal vacated that part of a final judgment of dissolution of marriage which awarded the wife permanent alimony where her petition for dissolution did not raise the issue of alimony. Accordingly, we vacate that portion of the final judgment which awarded appellee permanent alimony.
Appellant's second point is that there is no predicate in the record for the trial court's award of a reasonable attorney's fee in the sum of $250 to appellee's counsel. We agree.
The only testimony presented was that of appellee when examined by her counsel:
Q. Mrs. Cooper, you have agreed to pay me a reasonable attorney's fee, is that correct?
A. Right.
Q. Have you paid anything?
A. No.
Q. Can you pay me anything?
A. Not today, I can't.
An award of an attorney's fee requires a predicate of substantial competent evidence in the form of testimony by the attorney performing services and by an expert as to the value of those services, Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981). In the absence of such evidence, we vacate that part of the final judgment which awarded an attorney's fee to be paid by appellant.
The remainder of the final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY and GLICKSTEIN, JJ., and PEARSON, DANIEL S., Associate Judge, concur.