DANIEL S. PEARSON, Judge.
Miriam Mirabal, who only sought to have her interest in certain property acquired by the parties during the marriage determined and awarded, appeals from a post-dissolution final judgment, which, in the name of Canakaris,[1] instead awarded her lump sum alimony. Miriam did not seek alimony in any form, and, indeed, along with her husband, expressly waived alimony at the outset of the final hearing.
The facts are undisputed. Miriam and Ramon Mirabal, after their marriage in 1976, became partners and worked together in an import-export business. The business generated all of the money used to purchase three parcels of real property — the marital home titled in both their names; a home in Key West titled in both their names; and a home called “the Farm” titled in the husband’s name. The husband unequivocally testified that he brought no money into the marriage and claimed no special equity in any of these properties. Neither party claims that any gift was made. The trial court, presumably in an effort to make an equitable distribution of the marital property through the device of reciprocal lump sum alimony awards, gave Miriam the hus *870 band’s interest in the marital home plus $30,000 payable over one hundred months, gave Ramon the wife’s interest in the Key West property, and left undisturbed Ramon’s sole ownership of the farm property, thus effectively denying Miriam’s claimed special equity therein.
Although we held in Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981), that reciprocal lump sum alimony awards
“represent an appropriate exercise of the trial court’s power to fashion, by this device, an equitable distribution of the parties’ property — in other words, to ‘make a property settlement agreement’ for them — which we think has been granted by Canakaris ,v. Canakaris, [382 So.2d 1197 (Fla.1980) ] and Ingram v. Ingram, 379 So.2d 955, 956 (Fla.1980) Id. at 1096.
this holding, which the husband suggests justifies the trial court’s action in the present case, is totally inapplicable where the parties, by their express waiver of alimony, have in effect said they do not want the court to make a property settlement agreement for them.[2] Cf. Daniel v. Daniel, 171 So.2d 180 (Fla. 2d DCA 1965) (on wife’s appeal from decree granting her a divorce with lump sum alimony in her action for alimony unconnected with divorce, decree reversed upon a holding that despite broad powers of equity court, “they are not broad enough to grant relief in a cause of action in which relief is not requested.” Id. at 182). Miriam simply claimed that her interest in these properties was vested in two instances by virtue of record title and in other instances by virtue of established special equities in the property titled in the husband’s name and in his one-half interest in the marital residence arising from his removal and destruction of the furnishings and fixtures therein. Miriam claimed no alimony and had the right not to have it forced upon her against her will. See Daniel v. Daniel, supra.
It is clear from this record that since the husband asserts no special equity claim, disposition of the parcels held by the entireties (the marital residence and the Key West property) is controlled by statute, § 689.15, Fla.Stat. (1981), and the wife is by virtue of record title entitled to a one-half interest in these properties as a tenant in common. Ball v. Ball, 335 So.2d 5 (Fla.1976); Tolin v. Tolin, 401 So.2d 1167 (Fla. 4th DCA 1981); Leonard v. Leonard, 389 So.2d 256 (Fla. 3d DCA 1980). Additionally, she is entitled to be compensated for the diminution of her one-half ownership interest in the furnishings and fixtures in the marital residence caused by the actions of the husband in removing and destroying some of that property by a special equity in the husband’s one-half interest equal to the diminution. In respect to the farm property titled in the husband’s name, one-half of which was admittedly purchased with the wife’s funds, the wife has indisputably established a special equity therein and is entitled to be declared a one-half owner of such property as a tenant in common with her husband. Since the husband placed a mortgage on this property and was the sole beneficiary of the mortgage proceeds, the wife is entitled to an additional special equity of an amount equal to one-half of the outstanding balance of the mortgage.
Reversed and remanded with directions to enter judgment in accordance with this opinion and for further proceedings to de *871 termine the amount of the special equity to which the wife is entitled in the husband’s one-half share of the marital residence. The remaining provisions of the final judgment dealing with automobiles, which are not challenged on appeal and not related to the matters before us, are left undisturbed.

. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).

. The wife, relying on Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981); Jacobs v. Jacobs, 400 So.2d 141 (Fla. 1st DCA 1981); and James v. James, 374 So.2d 1085 (Fla. 5th DCA 1979), contends that an award of alimony, lump sum or otherwise, cannot be made in the absence of a request therefor and, a fortiori, in the face of an express waiver thereof. While these cases could be broadly read to mean that a trial court is empowered to award alimony only when alimony is an issue before the court, they all involve appeals by the party called upon to pay the alimony award, not, as here, an appeal by the “beneficiary” of the award. The narrow reading of these cases is that a party against whom an alimony award is rendered is entitled to be advised by appropriate pleadings that alimony is an issue he is called upon to defend. See also Sullivan v. Sullivan, 363 So.2d 393 (Fla. 2d DCA 1978); Andrews v. Andrews, 356 So.2d 1333 (Fla. 3d DCA 1978); compare Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978), with Caidin v. Caidin, 367 So.2d 248 (Fla. 3d DCA 1979).