476 So.2d 756 (1985)
Richard MAESTRELLI, Appellant,
v.
ARRIGONI, INC., a Florida Corporation, and Premier Investment Properties, Inc., Appellees.
No. 84-1758.
District Court of Appeal of Florida, Fifth District.
October 10, 1985.
*757 Terrence M. White, of Leonhardt, Upchurch & Parsons, P.A., Daytona Beach, for appellant.
Armistead W. Ellis, Jr., of Nohrr, Nohrr, Boyd, Brushwood, Howze & Ellis, P.A., Daytona Beach, for appellee Arrigoni, Inc.
No appearance for appellee Premier Investment Properties, Inc.
PER CURIAM.
The plaintiff (appellee) alleged that he delivered material to a job site at the request of the defendant (appellant). The trial court held the defendant liable based on evidence that a third party requesting the material to be delivered by the plaintiff was acting for, on behalf of, and at the request of, the defendant. The defendant argues on appeal that the plaintiff erred in not alleging in his complaint that the third person was acting as agent for the defendant and that he should not be found liable on a theory of liability not framed by the pleadings, citing Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla. 1985). We affirm.
A principal's liability for the acts of his agent is not a "theory of liability", in the sense of a cause of action, such as debt or express or implied contract that must be pleaded to invoke the trial court's subject matter jurisdiction and to meet due process notice requirements. As a general rule, one suing upon a contract made for the defendant by an agent need not refer to the agency in the complaint but may merely allege the legal effect of the agent's action by averring that the contract was made by the principal himself. See St. Andrew's Bay Land Co. v. Mitchell, 4 Fla. 192, 54 Am.Dec. 340 (1851); Annot., Necessity of alleging fact of agency in declaring upon contract made by party through agent, 89 ALR 895 (1934).
This case should also be affirmed because the matter of agency was tried by the express or implied consent of the parties within the meaning of Florida Rule of Civil Procedure 1.190(b).
AFFIRMED.
SHARP and COWART, JJ., concur.
DAUKSCH, J., concurs in conclusion only.