494 So.2d 297 (1986)
Carol HINES, Appellant,
v.
Mary Jean HINES, Appellee.
No. 86-568.
District Court of Appeal of Florida, Third District.
September 23, 1986.
Jeffrey A. Schwarz, North Miami, for appellant.
Theodore Fisher, Miami and Sanford Shaffer, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The husband appeals from that portion of the trial court's judgment which grants alimony to the former wife. After a default was entered against the wife, she failed to file any pleadings in the dissolution of marriage action initiated by her husband. A court is not at liberty to award alimony where the benefitting spouse has failed to seek such relief in the pleadings. Massey v. Massey, 478 So.2d 478 (Fla. 2d DCA 1985); Hernandez v. Hernandez 444 So.2d 35 (Fla. 3d DCA 1983), review denied, 451 So.2d 848 (Fla. 1984); Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981). In addition, a default precludes the defaulting party from filing any pleadings in the action other than those requesting relief from the default. Rudner v. Cabrera, 455 So.2d 1093 (Fla. 5th DCA 1984); Bischoff v. Dixie Auto Parts & Equipment Corp., 346 So.2d 146 (Fla. 3d DCA 1977). Since the wife made no attempt to have the default vacated, her attempt to inject the issue of alimony into the proceeding at final hearing without the husband's consent was not authorized. For this reason, that portion of the final judgment of dissolution which awarded alimony must be vacated.
Reversed.