552 So.2d 1188 (1989)
James B. KRATZER, Appellant,
v.
Doris G. REIMILLER, Appellee.
No. 88-2175.
District Court of Appeal of Florida, Fifth District.
November 30, 1989.
Michael R. Walsh, Orlando, for appellant.
Lawrence D. Johnson, Winter Park, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in a marriage dissolution case. Appellee petitioned for the dissolution and did not seek, or allege entitlement to, alimony. Nor did she allege a need for and seek attorney's fees.
Appellant did not respond to the petition, so a default was taken against him. He received a notice of the final hearing and attended it without an attorney. We have no record of the trial but there is no allegation that there were any orders of the judge permitting any ore tenus amendments to the pleadings at trial. There is no allegation that the court granted appellee the right to amend the pleadings "to conform with the proof."
Because there are no pleadings alleging entitlement to alimony and attorney's fees and because there are no pleadings praying for alimony and attorney's fees it was error to award them.
*1189 We are aware that appellee filed a bare motion for attorneys fees and filed a "Wife's Compliance with Order Setting Non-Jury Trial and Scheduling Conference" where she said:
3. Alimony

a. Amount of alimony proposed by the Wife for the Wife  Husband's interest in 1987 Ford Mustang. Lump sum and periodic rehabilitative alimony.
* * * * * *
5. Personal Property.

b... . If the Husband obtains alternative financing and the Wife's name is removed from present financing on the vehicle the Wife has no objection to title of the vehicle being conveyed to the Husband. If the Husband does not obtain other financing and remove the Wife from liability, the Court should either award the Wife periodic rehabilitative alimony to cover the indebtness [sic] and award the vehicle as lump sum alimony to avoid the credit of the Wife being ruined.
* * * * * *
6. Attorney's Fees and Court Costs.

a. The amount of attorney fees and court costs sought by the Wife  $1,728.00.
b. Testimony will be offered on this issue at trial.
This document in the record is not a pleading and is not a substitute for a proper petition. Additionally, appellee declared in this document that "There are no pending nor anticipated requests for amendments to the pleadings." The motion for fees and costs does not allege entitlement or ability to pay.
Whether this failure to plead for alimony and attorney's fees was intentional or negligent is of no matter. It is wrong to give what is not properly pleaded. See Hines v. Hines, 494 So.2d 297 (Fla. 3d DCA 1986); Massey v. Massey, 478 So.2d 478 (Fla. 2d DCA 1985); Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981); James v. James, 374 So.2d 1085 (Fla. 5th DCA 1979).
Those portions of the judgment awarding alimony and fees are reversed; otherwise, the judgment is affirmed.
AFFIRMED in part; REVERSED in part.
COWART, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I respectfully dissent. In my view, this is a relatively simple case. I would affirm the trial judge's awards of rehabilitative alimony and attorney's fees to the former wife (appellee), based on Florida Rule of Civil Procedure 1.190(b)[1] which provides:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure to so amend shall not affect the result of the trial of these issues. . .. (emphasis supplied)
The record in this case establishes that Doris Kratzer filed a petition for dissolution against James Kratzer on July 12, 1988. It was a short-term marriage, and although the parties had acquired some personal property during their marriage, they had also acquired substantial joint debts. Doris asked the court to fairly apportion the property and the debts and grant her such other relief as the court found just and appropriate. Her petition asked the court to equitably distribute a Ford Mustang, which was titled in her name. She did not ask for attorney's fees nor for any kind of alimony.
On July 17, 1988, Doris' attorney sent James a proposed settlement. It proposed the parties agree their mutual division of *1190 personal property was fair, and it gave James the option of owning the Mustang if he paid off the car loan or refinanced it so as to release Doris from further liability. Apparently no agreement was reached.
On August 23, 1988, a default judgment was entered against James. A notice and motion for trial was served on him on August 31. On September 13, 1988, Doris filed and served on him a motion for attorney's fees.
The court entered an order setting the trial for October 25, 1988. It was served on both parties. Pursuant to the court's pretrial order (also served on both parties), Doris' attorney filed his pretrial compliance. It was served on James.
Under the category entitled "alimony," Doris asked to be awarded James' interest in the Mustang. She labeled it "lump sum" or "rehabilitative alimony." Under the category entitled "property in controversy," Doris suggested that if James were required to obtain new financing on the car and remove her from any liability on the car loan, she would agree to the court's giving the car to James. However, if she was to be awarded the car, she requested periodic rehabilitative alimony sufficient to cover the balance of debt owed on the car, "to avoid the credit of wife being ruined." Exhibits indicate the car was worth $7,200, but the debt owed the bank on the car was $9,100. Doris also listed attorney's fees of $1,728, plus costs, as other issues about which testimony would be offered at trial.
No written objections to any evidence or issues proffered by Doris are in the record, and neither party asserts that any were made at the trial. There was no record made of the trial. Therefore, we must assume that sufficient evidence was adduced at the trial, with the express or implied consent of both parties, to support the trial court's judgment.[2] Appellants always have the burden of demonstrating record error.[3]
With regard to the award of rehabilitative alimony, the financial affidavit of appellee which is in the record (and likely considered by the trial judge), shows that Doris is a full-time student and a part-time sales person at Ivey's Department Store. Her net monthly income is $486.58; her expenses total $1,158.50, not including the car loan. Her liabilities ($17,014.20) exceed her assets ($11,402.00), and her largest debt is the $9,100 owed on the Mustang.
At trial, Doris introduced as an exhibit the title to the car, showing a first lien held by First Republic Bank of Texas (assigned to NCNB of Texas). She also introduced at trial past due notices on the car loan showing delinquencies began December 26, 1988. The unpaid balance totalled $12,116.11, and the monthly payment was $270.86.
The award of $400 per month as rehabilitative alimony for one and one-half years could well be related to paying off roughly one-half of the debt owed on the car, including penalties. Or, it may have related to Doris' need for temporary support while she completes her course of studies. In either case, whether based on the debt structure or need for support, that portion of the record which is before us indicates the award of rehabilitative alimony should be sustained. Pastore v. Pastore, 497 So.2d 635 (Fla. 1986). See Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1983) (rehabilitative alimony may be awarded for a specific purpose not necessarily related to support).
Regarding the award of attorney fees and costs, counsel for Doris filed and served on James two detailed affidavits prior to trial setting forth the number of hours and legal tasks performed. As noted above, counsel also filed a motion for attorney fees and noted it as an issue for trial in *1191 his pretrial compliance papers. The pretrial compliance also lists an expert legal witness who was to testify about attorney fees. The court's award was exactly what Doris' attorney requested. We must assume adequate evidence was presented at trial to support the award ($1,728). Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
The only basis for overturning the attorney fees award and the award of rehabilitative alimony in this case is because Doris failed to plead for such relief in her petition for dissolution. Although a better practice would have been to have included them or to have amended the pleadings at trial or after judgment to include them, in the circumstances of this case, such omission should not be fatal.
This is not a case where appellant had no notice that alimony and attorney fees would be issues presented at trial. Further, this is not a case where a party objected at trial to the introduction of evidence relating to issues not raised in the pleadings.[4] Had James raised such an objection at trial, Doris' counsel could have moved to amend instanter since notice that the trial would involve these issues had been given to James.[5] The fact that James chose not to be represented by counsel in the dissolution proceedings and at trial should make no difference.
The cases relied upon by the majority do not support a reversal of the judgment, because much more is involved than simply looking at the pleadings. In Hines v. Hines, 494 So.2d 297 (Fla. 3d DCA 1986), a default judgment had been entered against the former wife. She never filed any pleadings, and did not try to vacate the default. At that juncture, she lacked standing to seek any affirmative relief. In this case, James was in default, and Doris had every right to present her case at the trial.
In Massey v. Massey, 478 So.2d 478 (Fla. 2d DCA 1985) the court, in reversing an award of permanent alimony to the wife, held that not only had the wife failed to request alimony in her pleadings, but based on the record the parties had not consented to try the issue. Because we do not have the full record in this case, we must assume the parties at least tacitly agreed to allow the court to hear and rule on alimony and attorney fees. Those issues were noticed for trial; the judgment mirrors the evidence which was intended to be presented; and without a record to indicate otherwise, the evidence was presented with James' consent.
In Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981) the court vacated an award of permanent alimony for a wife when none was requested in pleadings. However, unlike this case, when the wife's attorney sought to introduce evidence relating to the alimony issue, counsel for the husband objected.
I am not prepared to defend alimony. I would have taken depositions if I would have known alimony is being requested.
The trial court sustained the objection, but awarded alimony anyway. Here, as discussed above, the record shows no objection to the admission of evidence regarding either alimony or attorney fees.
In James v. James, 374 So.2d 1085 (Fla. 5th DCA 1979) the court reversed an award of permanent alimony because the wife failed to request alimony in her pleadings, and in addition, the court said the record showed that issue was not tried with the parties' express or implied consent. It recognized that if issues not raised by the pleadings are tried with the express or implied consent of the parties, the court will treat the issues in all respects as if raised by the pleadings. Fla.R.Civ.P. 1.190(b). Finally, the court said that in any event, the evidence presented did not support an award of permanent alimony. Those two circumstances distinguish James from this case. Here we must assume (because the record fails to establish otherwise) *1192 that the alimony and attorney fee issues were tried with the parties' consent and the evidence was adequate to sustain the awards.[6]
Where evidence on issues not raised in the pleadings is admitted at trial without objection, and a judgment is based on such evidence, the reviewing court should affirm, if the evidence is sufficient to support the judgment. See Maestrelli v. Arrigoni, Inc., 476 So.2d 756 (Fla. 5th DCA 1985), which relied upon Florida Rule of Civil Procedure 1.190(b). Although Maestrelli was not a dissolution case, more stringent pleading requirements should not be imposed on family law cases simply because of the nature of the litigation. Our sister courts agree. See Daniel v. Daniel, 243 So.2d 247 (Fla. 1st DCA 1970) (award relating to possession of marital residence upheld pending outcome of case); Robinson v. Robinson, 340 So.2d 935 (Fla. 4th DCA 1976) (judgment on ownership of marital residence upheld where tried without objection, although not raised in the pleadings.); Monzon v. Monzon, 349 So.2d 195 (Fla. 3d DCA 1977) (attorney fee award upheld although request for attorney fee was omitted from petition, where parties agreed prior to trial hearing that the court could reserve jurisdiction to award them subsequently.)
Failure to plead or amend pleadings should not affect the result of a case where issues outside the pleadings were noticed and tried without objection. Fla.R.Civ.P. 1.190(b). That rule should control this case. For these reasons, I respectfully dissent.
NOTES
[1] Where a party receives notice of a final hearing, as here, issues may be tried by implied consent under Florida Rule of Civil Procedure 1.190(b). Freeman v. Freeman, 447 So.2d 963, 965 (Fla. 1st DCA 1984).
[2] See City of Chicago v. Franks, 22 Ill. App.2d 536, 161 N.E.2d 354 (Ct.App.Ill. 1959).
[3] Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979). The lack of record, alone, should preclude reversal. The fact that a transcript is missing from the record is fatal. Applegate at 1152. Any statements made in connection with a transcript that is not in the record may not be considered by a reviewing court. Hastings v. Hastings, 45 So.2d 115 (Fla. 1950); Allen v. Town of Largo, 39 So.2d 549 (Fla. 1949).
[4] See Abrams 2 Florida Family Law § 36.21 (36-50).
[5] Agudo v. Agudo, 449 So.2d 909 (Fla. 3d DCA 1984).
[6] Abrams 3, Florida Family Law § 53.13[4].