PER CURIAM.
The wife appealed the Final Judgment of Dissolution which ordered the sale and partition of proceeds from the parties’ jointly held condominium and awarded the husband attorneys fees and rehabilitative alimony. We affirm in part and reverse in part.
We affirm the trial court’s ruling that the parties’ condominium, held by the parties as tenants by the entireties, should be sold and the proceeds partitioned between the parties. The trial court found that neither party had shown entitlement *439 to a special equity in the condominium property and no reason has been presented for disturbing that finding. Further, the husband requested attorneys fees in the claim for partition of the property and therefore the trial court had authority to award attorneys fees and costs to the husband based on that claim. No abuse of discretion has been demonstrated from that award. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
As to the award of rehabilitative alimony to the husband, we reverse. No claim for rehabilitative alimony was made before the trial court and the husband’s testimony does not show a need or desire for assistance from the wife for the purpose of rehabilitation. The issue was not pled and not tried and therefore no award was merited. Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981); Hines v. Hines, 494 So.2d 297 (Fla. 3rd DCA 1986); James v. James, 374 So.2d 1085 (Fla. 5th DCA 1979).
AFFIRMED in part; REVERSED in part.
DOWNEY and WALDEN, JJ., and McNulty, Joseph p., (Retired), Associate Judge, concur.