605 So.2d 504 (1992)
Robert Duane WALLACE, Appellant,
v.
Susanne M. WALLACE, Appellee.
No. 91-2103.
District Court of Appeal of Florida, Fourth District.
September 2, 1992.
Rehearing Denied October 26, 1992.
*505 Claire Cubbin, Fort Lauderdale, for appellant.
Mark H. Goldberg, Plantation, for appellee.
PER CURIAM.
Robert D. Wallace appeals an order in an action for dissolution of marriage, granting the motion of appellee, Susanne M. Wallace, for temporary and exclusive use and possession of the marital domicile, alimony, child support, attorney's fees and suit money.
The order granting temporary relief required the husband to "bring the rent and all utility payments on the marital domicile current forthwith." Such relief is neither requested in the pleadings nor supported by the evidence adduced at the hearing below. Because the wife's motion did not request the relief awarded, and the wife submitted no evidence on this issue, it was error to award such relief. Gleason v. Gleason, 453 So.2d 941 (Fla. 4th DCA 1984); see also Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981).
An award of attorney's fees in an action for dissolution of marriage must rest upon well-settled legal principles. See Nichols v. Nichols, 519 So.2d 620 (Fla. 1988); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Georgiton v. Georgiton, 545 So.2d 421 (Fla. 4th DCA), rev. denied, 554 So.2d 1168 (Fla. 1989). We reverse the award here and remand for reconsideration in light of the requirements of Robbie v. Robbie, 591 So.2d 1006, 1010 (Fla. 4th DCA 1991) (relying on Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985)).
We affirm the award of undifferentiated temporary alimony and child support and the requirement that the husband provide the wife with functioning transportation forthwith.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GLICKSTEIN, C.J., and HERSEY, J., concur.
POLEN, J., concurs specially with opinion.
POLEN, Judge, concurring specially.
I agree with everything contained in the majority opinion, save one point. The majority has relied in part on Robbie v. Robbie, 591 So.2d 1006 (Fla. 4th DCA 1991), in reversing the award of temporary attorney's fees. As noted in my partial dissent in Robbie, I would not require trial courts to make detailed findings of fact on temporary attorney's fees awards.
The attorney's fee award in this case, however, is erroneous for yet another reason. Here the attorney for whom the fee was sought never testified. In the absence of any excusal or reason for the omission of such testimony, I would hold it error to award temporary attorney's fees in this case, and remand for further proceedings. Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981). I thus join my colleagues as to the result reached.