JOANOS, Judge.
Appellant, Summer L. Hemng, Jr., appeals the final judgment of dissolution of the parties’ marriage. The issue is whether military retirement earned and vested during the parties’ first marriage is a marital asset subject to equitable distribution after the parties’ subsequent remarriage to each other is dissolved. We reverse.
The parties were married on April 16, 1960. At that time, appellant was on active duty in the United States Army. On July 29, 1974, the parties separated. On October 31, 1974, they entered into a separation agreement which provided that both parties waived alimony. The agreement made no reference to military retirement. In 1974, appellant retired from the Army, after serving more than twenty years of active duty. On February 13, 1976, the parties’ marriage was dissolved by a Florida court. The 1976 final judgment of dissolution of marriage did not refer to, or incorporate, the 1974 separation agreement executed in Maryland.
On December 20, 1980, the parties remarried. In April 1994, appellant filed a petition for dissolution of marriage. Shortly thereafter, appellee filed a counter-petition. On October 13, 1994, the parties entered into a Stipulation and Agreement which provided, among other things, that:
6. Alimony: It is understood that both parties expressly waive their right to claim any alimony or additional support from the other party.
[[Image here]]
9. Husband Military Retirement: The parties agree that the issue pertaining to the Husbandfs] military retirement shall be submitted to the Court for resolution.
*928 The trial court concluded that the 1974 marital settlement was abrogated by the parties’ remarriage in 1980. After considering the total period of time the parties were married to each other, the trial court further concluded that appellee, the former wife, was entitled to a proportionate share of appellant’s military retirement. The provisions of the final judgment of dissolution of marriage dealing with appellant’s military retirement state:
E. The Wife was married to the Husband for 14.5 years of the Husband’s 21.5 years of active duty during the first marriage, she is now entitled to 34% of his disposable retired pay from the United States Army.
[[Image here]]
9. Husband Military Retirement: The Wife shall receive as her sole and separate property 34% of the Husband’s disposable U.S. Army retirement, plus any cost of living increases proportionate thereto....
As support for his' argument that the 1974 separation agreement was not abrogated by the parties’ remarriage, appellant relies upon the rule that a final judgment of dissolution of marriage settles all matters between the spouses concerning the marriage, “and acts as a bar to any action thereafter to determine such rights and obligations.” Davis v. Dieujuste, 496 So.2d 806, 809-810 (Fla.1986). The parties agree that the military retirement was appellant’s separate property when the parties remarried in 1980. Nevertheless, appellee urges the award to her of thirty-four percent of the military retirement should be treated as lump sum alimony and affirmed on that ground. We reject this suggestion. Appel-lee’s counter-petition contained no request for alimony, and the parties’ stipulation and agreement expressly waived alimony. Alimony cannot be awarded when the issue has not been pled or tried. Vadala v. Vadala, 556 So.2d 438, 439 (Fla. 4th DCA 1990); Hines v. Hines, 494 So.2d 297 (Fla. 3d DCA 1986).
Disposition of the issue raised in this appeal is controlled by this court’s decision in Speigner v. Speigner, 644 So.2d 1035 (Fla. 1st DCA 1994). In Speigner, the parties were married in May 1969, divorced in April 1980, and remarried in July 1981. The court reversed the portion of the final judgment effecting distribution of the husband’s profit-sharing plan, and remanded with instructions to treat as marital property only that portion of the plan accumulated during the parties’ second marriage. Although Speigner concerns a profit-sharing plan rather than military retirement, the underlying principle is the same, i.e., benefits which were earned and vested in retirement and profit-sharing plans before the marriage are nonmarital assets not subject to equitable distribution. See § 61.075(5)(b), Fla.Stat. (1993).
Accordingly, we reverse that portion of the final judgment which awards thirty-four percent of the military retirement to appellee as her separate property. In all other respects, the final judgment of dissolution of marriage is affirmed.
WOLF, J., concurs.
WEBSTER, J., concurs in result.
ON MOTION FOR REHEARING
Appellee, relying upon Cox v. Cox, 659 So.2d 1051 (Fla.1995) seeks rehearing. Ap-pellee’s reliance upon the Cox, ease is misplaced. Unlike the situation in Cox, appellant’s retirement benefits in this case were earned and vested prior to the second marriage.
The motion for rehearing is denied.
WOLF and WEBSTER, JJ., concur.