921 So.2d 802 (2006)
Vada BURROUGHS, Appellant,
v.
William BURROUGHS, Appellee.
No. 1D04-4993.
District Court of Appeal of Florida, First District.
February 27, 2006.
Rehearing Denied February 27, 2006.
Christopher L. Craun, Lake City, for Appellant.
*803 Robert A. Sandow, Live Oak, for Appellee.

ON MOTION FOR REHEARING AND CLARIFICATION
ERVIN, J.
We deny appellee's motion for rehearing but grant his motion for clarification, withdraw the previous opinion,[1] and substitute the following.
This is an appeal from a final judgment of marital dissolution in which appellant Vada Burroughs, former wife, urges the lower court erred (1) in refusing to award her any portion of the former husband's retirement benefits that had accumulated during the length of the parties' first marriage; (2) in awarding her only $500 per month alimony; and (3) in improperly directing the parties to divide their personal property by alternately choosing the items from a list. We reverse as to all issues and remand.
The parties' initial marriage lasted slightly more than 40 years, terminating on October 4, 1991. Before dissolution, they signed a settlement agreement which provided that upon the husband's retirement from the Florida Highway Patrol, the wife would be entitled to alimony payments of 50 percent of the husband's retirement and social security benefits. On December 20, 1991, they remarried, but separated again in October 2003, one month following the husband's retirement. The remarriage ended in divorce on September 3, 2004.
Relying upon Cox v. Cox, 659 So.2d 1051 (Fla.1995), and Herring v. Herring, 666 So.2d 927 (Fla. 1st DCA 1995), the lower court ruled that the portion of the husband's retirement benefits that had accrued before the second marriage was non-marital property and not subject to equitable division. In so deciding, the lower court erred.
The cases the court relied upon in reaching its conclusion are inapposite. In Cox, although the parties executed a settlement agreement which was incorporated within the initial final judgment, it made no provision for distribution of the husband's future military retirement benefits. The parties remarried one year following their initial dissolution, and divorce proceedings were instituted one year thereafter, wherein the wife argued her entitlement to a portion of the husband's future retirement benefits. In approving the result reached by the district court of appeal, the supreme court held that "remarriage abrogates the executory provisions of a prior marital settlement agreement unless there is an explicit statement in the agreement that the parties intended otherwise." Cox, 659 So.2d at 1054. The court concluded that the husband's future retirement benefits should be considered either a marital asset subject to equitable distribution or as a source of payment of alimony. Id. at 1055. The court cited Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), which held that a spouse's entitlement to pension benefits may be considered a marital asset in equitably distributing the parties' property, while leaving it to the trial court's discretion how pension rights are to be valued and treated in doing equity between the parties.
The Herring case is clearly distinguishable, because the husband's military retirement plan had vested before the parties' first marriage was dissolved, and thus the *804 asset was not subject to equitable distribution upon dissolution of their remarriage.
In the present case, although the lower court properly determined that the provisions in the settlement agreement regarding the wife's right to share in her husband's then future retirement benefits were only executory, and thus rendered of no further effect once the parties remarried, it erred in failing to consider that the wife's right to a division of her husband's future retirement benefits remained unimpaired as a means of doing equity between the parties. We reverse the court's conclusion that the benefits accruing before the dissolution of the parties' first marriage are not marital assets, and remand the case with directions for the lower court to determine how such rights are to be valued and treated in doing equity between the parties.
The lower court also erred in awarding the former wife $500 per month as permanent alimony, based in part upon an implicit finding, for which there is no support in the record, that the wife, then 70, should be capable of earning $500 per month doing furniture upholstery or some other unspecified work, notwithstanding her age, her limited educational skills, and the fact she had worked as a homemaker during most of the parties' marriage. In imputing income to the wife in such amount, the court relied on the husband's testimony stating that at some undesignated time in the past the wife had earned as much as $1,000 per month engaged as an upholsterer, and, in his opinion, at the present time the wife was capable of earning $500 monthly. The court also recited the wife's testimony that she hadn't worked "seriously" in upholstery since the early 1990s, and that it currently was only an occasional hobby. No documentary evidence was presented revealing how much income the wife had earned as an upholsterer, and no evidence was presented showing her to be qualified for any work other than upholstering.
The necessity for detailed findings justifying an alimony award for the purpose of assisting meaningful review is glaringly absent in the lower court's final judgment. In carrying out the requirement of section 61.08(2), Florida Statutes (2004), that a trial court make findings of fact relative to "all relevant economic factors," and "any other factor necessary to do equity and justice between the parties," the "court must set forth factual findings regarding a spouse's probable and potential level of earnings, the source of actual and imputed income, and any adjustments to income." Smith v. Smith, 737 So.2d 641, 643 (Fla. 1st DCA 1999). In the case at bar, the lower court's findings did not indicate the source of the wife's imputed income. If the court determines on remand that an equitable division of the husband's pension benefits is sufficient to supply the wife's needs, it may not be required to award alimony in addition thereto, provided the court's findings are supported by competent, substantial evidence.
Finally, the lower court erred in directing the parties to divide their furniture and household items, despite the wife's request for the trial court to make such division in its judgment of dissolution. See Carlton v. Carlton, 599 So.2d 213, 214 (Fla. 1st DCA 1992) (reversing the trial court's order to the parties to divide their personal property by a coin flip, and directing the court to either "rule on the equities of the actual distribution of the personal property on the lists submitted by the parties or to equitably distribute the property"); Shea v. Shea, 572 So.2d 558, 559 (Fla. 1st DCA 1991) (reversing that portion of the final judgment requiring the parties to compile a list of personal property with distribution to be made on a *805 "pick and choose" basis, which might be a satisfactory method of distribution of household goods only if the parties agreed to it).
REVERSED and REMANDED.
DAVIS and LEWIS, JJ., concur.
NOTES
[1] Burroughs v. Burroughs, 31 Fla. L. Weekly D161, 2006 WL 42196 (Fla. 1st DCA Jan. 10, 2006).