PER CURIAM.
Appellee, Linee Aeree Italiane, S. p. A., was plaintiff in an action sounding in re-plevin. The complaint alleged that the true value of the property which was the subject matter of the suit was $20,000.00. The replevin bond required of plaintiff by *110 § 78.07, Fla.Stat., F.S.A., which bond must be in an amount at least double the value of the property, had a face value of $40,-000.00. At the conference on requested jury instructions, after all evidence had been presented, plaintiff filed a motion requesting that it be allowed to amend the ad damnum clause of the complaint to allege a value “in excess of $20,000.00.” This motion was granted, and the case went to the jury who returned a verdict in favor of the plaintiff for the sum of $45,000.00. Trial court entered a judgment in favor of the plaintiff based upon the verdict, whereupon, defendant appeals.
Appellant’s basic contention is ‘.hat the trial court abused its discretion in allowing the amendment. We agree. It is settled under Rule 1.190, Florida Rules of Civil Procedure, 30 F.S.A., that the trial court has a broad, though not unlimited discretion in allowing amendments of pleadings. On appeal, appellant has the burden of showing an abuse of that discretion. McSwiggan v. Edson, Fla.1966, 186 So.2d 13. But, that discretion must be exercised so as not to abridge the rights of the opposing party. It is manifest that the further the case progresses, the more likely the granting of such amendment is inclined to prejudice the opponent. United States v. State, Fla.App.1965, 179 So.2d 890; Houston Texas Gas & Oil Corporation v. Hoeffner, Fla.App.1961, 132 So.2d 38; Tucker v. Daugherty, Fla.App.1960, 122 So.2d 230. Though the amendment in question may have been proper at one time, the defendant-appellant was given no opportunity to offer a case in opposition. This fact renders the amendment fatally defective. Seltzer v. Grine, Fla.1955, 79 So.2d 688. Quoting from the case of Younglove v. Knox, 44 Fla. 743, 746, 33 So. 427 (1902):
“ * * * Both the affidavit and declaration had apprised them that plaintiff did not intend to claim a greater valuation of the property sued for than $1,500. Section 1712 of the Revised Statutes required plaintiff to state the true value of the property in his affidavit, and he placed it at $1,500. The defendants may well have relied on this statement, repeated in the declaration, as showing that a greater valuation would not be claimed, and, on that assumption, have neglected to produce evidence as to value which they might have obtained. The judgment should be so modified as to limit the recovery to the amount claimed.” (Citations omitted.)
Therefore, on the basis of the foregoing, the judgment appealed is reversed and the cause is remanded with directions to enter an order granting judgment in favor of the plaintiff in the amount originally claimed, that is, $20,000.00.
Reversed and remanded.