303 So.2d 47 (1974)
Elfriede FESAK, Appellant,
v.
George FESAK, Appellee.
No. 74-328.
District Court of Appeal of Florida, Third District.
November 12, 1974.
Joseph G. Weiss, South Miami, for appellant.
Robert V. Shea, Coral Gables, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Respondent-appellant seeks review of a dissolution of marriage judgment awarding her only rehabilitative alimony.
Petitioner-appellee, George Fesak, and respondent-appellant, Elfriede Fesak, were married on June 26, 1948. The three children born of this marriage presently are 21 years of age or older. On August 21, 1973, after 25 years of marriage, appellee George Fesak filed a petition for dissolution of marriage. Respondent answered and the cause came on for trial, after which on October 10, 1973 the chancellor entered an order dissolving the marital *48 bonds between the parties and directing the petitioner to pay (1) the rental on respondent's apartment until further order of court, and (2) $35 per week as temporary alimony. Thereafter, on January 31, 1974 the chancellor entered his final order (1) directing petitioner to continue to pay $170 per month for rent to the respondent through May 1974, (2) awarding respondent $40 per week as rehabilitative alimony for the period ending three years after February 1, 1974, (3) denying respondent's request for reimbursement of some $2,000 of medical expenses, and (4) directing petitioner to pay respondent's attorney $500 as reasonable attorney's fees. Respondent appeals therefrom.
Appellant first contends that the chancellor erred in awarding her only rehabilitative alimony for three years. We cannot agree.
The determination of whether a spouse should be awarded periodic alimony or rehabilitative alimony is a matter resting within the sound discretion of the chancellor based upon the particular facts and circumstances, with due regard for the basic principle of need and ability. Kalmutz v. Kalmutz, Fla.App. 1974, 299 So.2d 30.
The facts revealed by the record in the case sub judice demonstrate the following: (1) the three children of the marriage are all 21 years of age or older; (2) petitioner, George Fesak, is a clerk and has a net monthly income of approximately $757; (3) respondent, Elfriede Fesak, is a registered nurse and during the course of the marriage worked for eight years between 1959 and 1970; (4) since 1970 she has worked for the City of Miami and has a savings account with a balance of about $500.
It is clear that appellant has the ability to provide for herself and thus, we find no abuse of discretion on the part of the chancellor in his award of rehabilitative alimony.
Appellant-respondent also urges as error the award of $500 as attorney's fees to be paid over a period of one and one-half years.
Under this point on appeal, we conclude that appellant has failed to demonstrate an abuse of discretion and, therefore, we affirm the $500 award to respondent for attorney's fees.
We also considered appellant's remaining point on appeal and concluded that it was lacking in merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.