307 So.2d 195 (1975)
Igna S. MUELLER, Appellant,
v.
John A. MUELLER, Appellee.
No. 74-1439.
District Court of Appeal of Florida, Third District.
February 4, 1975.
*196 James L. Wall, Jr., Miami, for appellant.
Batchelor, Brodnax, Guthrie & Kindred and Timothy J. Armstrong, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
From an order modifying the final judgment of dissolution of marriage between the parties, the petitioner-wife has appealed. She contends that the court's increase in child support and in payment by her ex-husband of one-half of the minor child's medical, dental, surgical and drug expenses was not adequate.
In addition, the appellant asserts that the trial court abused its discretion by determining that the parties are responsible for payment of their own attorney's fees.
After a careful examination of the record in this case, we have concluded that the appellant has failed to show that the trial court committed reversible error.
The marriage between the parties was dissolved by a final judgment entered October 30, 1970. At the time, the minor child, Edward, was two months old. Mrs. Mueller also has two other children from a prior marriage for which her ex-husband pays a total of $25 per week as child support.
In the final judgment, the appellee was ordered to pay $25 per week as child support for Edward and $25 per week as rehabilitative alimony for one year. Also, when the judgment was entered Mrs. Mueller was not working.
At the time of the modification hearing she was employed as a hairdresser, earning a gross salary of $148 per week. On the other hand, the record also shows that the appellee earns more than he did at the time the final judgment was entered. At the time of the modification hearing, he stated his gross weekly income as $283.48 per week.
From their affidavits, it also appears that the appellee's net worth is approximately $11,000, while his former wife's net worth is listed at approximately $18,000.
The appellant testified before the trial judge that her weekly expenses to send Edward to pre-kindergarten school and to provide day care for the child are $31 per week. The trial court based its modification award on this testimony, increasing the support payments by Six ($6) Dollars per week.
It requires little citation of authority that matters involving child support and attorney's fees are vested within the sound discretion of the trial court, and will not be disturbed on appeal unless it can be demonstrated that the court clearly has exceeded the limits of its discretion. Keller *197 v. Keller, Fla.App. 1974, 302 So.2d 795; Fesak v. Fesak, Fla.App. 1974, 303 So.2d 47.
In this case, the court determined that the needs of the ex-wife and the ability to pay of the ex-husband, together with the paramount concern for the best interests of the minor child, justified a slight, though not a drastic, increase in child support.
In addition, the court determined that both parties had the financial wherewithal to pay for their respective counsel. We think the record supports the court's conclusions.
Therefore, for the reasons stated, the order appealed is affirmed.
Affirmed.