CHARLES CARROLL, Associate Judge.
This is an interlocutory appeal by the petitioner in an action for dissolution of marriage, from an order denying without prejudice her motion to amend the petition.
By the amendment of the petition which was sought, the petitioner alleged that it had been considered by her that the condominium in which the parties had resided, title to which was in the respondent’s parents, was owned by the petitioner and her husband, through gift thereof to them by the husband’s parents, and that the latter (who were to be added as respondents) held title to the apartment in trust for petitioner and her husband; and, predicated thereon, petitioner sought by such amend *600 ment of her petition to establish her ownership interest in the condominimum apartment and a special equity in the husband’s interest therein.
The petitioner’s application for leave to amend was not untimely, and it was made at a stage of the action which would have afforded the respondents opportunity to plead defensively thereto. Cf. Airlift Inter., Inc. v. Linee Aeree Italiane, Fla. App.1968, 212 So.2d 109. Nor does it appear otherwise that the rights of the respondents would have been prejudiced by allowance of the amendment. See Rule 1.-190(a) and (e) F.R.C.P. On the contrary, the rights of the petitioner with respect to establishing her interest and claim of an equity in property might be prejudiced where such were not presented in the action for dissolution of marriage. See Finston v. Finston, 1948, 160 Fla. 935, 37 So. 2d 423. This, rather than by a separate action, was the logical and proper cause to litigate those claims.
For the foregoing reasons, and on the authority of Fields v. Fields, 160 Fla. 561, 35 So.2d 722, which is closely in point, we hold it was an abuse of discretion to deny the petitioner’s motion to amend. In Fields the Supreme Court said:
“It may be admitted that the claim of a third party in the home alleged to be owned by the entireties complexes the situation, but this is not a recognized basis for dismissing the bill. It is an impressive example of the complicated human relations that are now precipitating suits of this kind that the rules of procedure should be equal to and not be permitted to break under. It would not be difficult to generate two law suits from the situation but the divorce, the title to the home, the matter of alimony and the matter of restitution are all so involved that the same evidence may have to do with each of them so there is every reason whey they should be adjudicated in one suit and we are shown no reason why they should not be considered together. Allegations of the amended bill are sufficient to show merit.”
Having concluded that the court was in error in denying the petitioner’s motion to amend, the order thereon which is appealed is hereby reversed.