PER CURIAM.
These two appeals are taken by Linda K. Goldberg, petitioner wife, from the alimony and attorneys fees provisions of a final judgment of dissolution of marriage, in which Glen Z. Goldberg, respondent hus *829 band, cross-appeals, and from an order on amended petition for dissolution of marriage and final judgment of ejectment in which Harry Goldberg, father of the husband, cross-appeals.
An interlocutory appeal was previously taken in this cause. See Goldberg v. Goldberg, Fla.App. 1975, 309 So.2d 599. This was a bitterly contested divorce action in which the respondent husband’s parents were joined as parties. The trial court referred the cause to a special master who filed an extensive report reciting findings of fact and recommendations. Among the findings of fact were that the parties were married in 1970, and separated in 1974; that there are no children; that the parties enjoyed a comfortable style of living due to the generosity of the respondent’s parents; that the petitioner is attractive, educated and able to support herself and that she has realized a substantial increase in assets, including cash and jewelry as a result of the 4-year marriage. The master recommended that no permanent alimony be awarded but that the court award the petitioner rehabilitative alimony in the amount of $400 per month for 11 months.
In the final judgment dissolving marriage, the trial court approved and adopted the special master’s findings of fact and recommendations except as to alimony. Petitioner’s prayer for permanent alimony was denied, but she was awarded rehabilitative alimony in the sum of $400 per month for four years. In addition, the court ordered the respondent to pay the petitioner’s attorneys fees in the amount of $4,500.
In the first appeal, the petitioner contends that the award of alimony should have been permanent alimony and should have been substantially larger, and that the amount of attorneys fees awarded to her attorneys was inadequate. The respondent cross-appeals and asserts that the court erred in extending the rehabilitative alimony to 4 years from the 11 months recommended by the special master, and that the petitioner has sufficient assets with which to pay her attorney.
From viewing the record, we find that it does not appear that the wife’s income upon finishing school and obtaining a job will be sufficient initially to take care of her needs and necessities. There is ample evidence from which the trial judge could find the special master’s recommendation to be clearly erroneous. Under such circumstances, the trial judge had the power to modify the recommendation and increase the period of rehabilitative alimony payments from 11 months to 4 years. See Harmon v. Harmon, Fla.1949, 40 So.2d 209; Kalmutz v. Kalmutz, Fla.App.1974, 299 So.2d 30.
It is well settled that the determination of whether a spouse should be awarded permanent or rehabilitative alimony, or any alimony, is a matter resting within the sound discretion of the trial judge based on the particular facts and circumstances before the court, with due regard for the basic principles of the wife’s need and the husband’s ability to pay. Fesak v. Fesak, Fla.App. 1974, 303 So.2d 47. There appearing to be no abuse of judicial discretion, this court will not substitute its judgment for that of the trial court.
It is also well established that the trial judge has the discretion to grant or deny an application for attorneys fees. Pollack v. Pollack, Fla.App.1973, 282 So.2d 30. No abuse of discretion having been made to appear as to the award of alimony or the award of attorneys in this appeal and cross-appeal, the final judgment of dissolution is affirmed in all respects.
Neither do we find error in the points raised in the petitioner’s second appeal which relates to the furniture and alleged conversion of wedding gifts. The record fails to disclose a clear and unmistakable intention on the part of the respondent husband’s parents to make a gift of *830 the furniture. See Kuebler v. Kuebler, Fla.App.1961, 131 So.2d 211. Further, the record contains sufficient evidence to warrant the court in determining that the husband’s parents were not guilty of conversion of the wedding gifts. See CIC Leasing Corporation v. Dade Linen & Furniture Company, Fla.App. 1973, 279 So.2d 73.
Accordingly, both the final judgment of dissolution of marriage and the order on amended petition for dissolution of marriage and final judgment of ejectment, are affirmed.
Affirmed.