BARKDULL, THOMAS H., Jr., Associate Judge.
By this appeal, we are called upon to review the correctness of a final judgment rendered in a marriage dissolution proceeding. The only issues preserved for review are the award of the custody of a 28-month old little girl to her father. There are other points urged for reversal by the appellant hut, in light of the ultimate disposition of this appeal, we find they are either moot or without merit. See: Mueller v. Mueller, Fla.App. 1975, 307 So.2d 195.
In his final judgment, the trial judge awarded custody of the 28-month old daughter to the father although finding both parties to be fit parents. Said award of custody was, in part, predicated upon a finding that the mother was about to depart the State.[1] Thereafter, the mother timely filed a petition for rehearing, pointing out that she had changed her plans on relocation and would remain in the State of Florida. Notwithstanding this, the trial judge refused to modify his custody award. This has been urged as error by the appellant, because one of the findings upon which he supported the original award of custody was no longer correct as a matter of fact.
We reverse, and return the matter to the trial judge for purposes of considering the proper custody of this female child of tender age, in light of the mother’s pronounced intention to remain in the State of Florida, and to also take into consideration the principles enunciated by the Supreme Court of Florida in Dinkel v. Dinkel, Fla. 1975, 322 So.2d 22, which was not available to the trial judge at the time of the entry of the final judgment or the order denying the petition for rehearing. The appellee relies heavily on Anderson v. Anderson, Fla.App. 1974, 289 So.2d 463, cert. discharged Fla., 309 So.2d 1, but we do not find that the factual situation in the present case, as indicated by the findings of fact by the trial judge, bring this cause within the factual background of Anderson v. Anderson, supra. Therefore, we find the cases distinguishable.
Reversed and remanded, with directions.
RAWLS, Acting C. J., and MELVIN, WOODROW M., Associate Judge, concur.

 * * * * *
“4. An award of permanent custody to the petitioner would mean the child would be moved to Gaithersburg, Maryland, where petitioner hopes to live with her fiance, C. W. Shuffle, after their marriage. This would substantially impede reasonable visitation by the respondent. On the other hand, an award of permanent custody to the respondent forces a difficult decision upon the petitioner between her marital plans and close proximity to her infant daughter. The Court must resolve this unfortunate impasse.”
* * * * *