PER CURIAM.
Todd and Lisbeth Cole were married in 1992. In 2001, Lisbeth signed a “House Agreement” with Todd and his parents, Michael and Linda Cole. The agreement provided that (1) Lisbeth assign her interest in a purchase agreement for a residence to Todd’s parents, and (2) upon sale of the residence, Todd’s parents would first be paid back their contribution, with the remaining proceeds to be split equally between Todd and his parents.
Todd filed for divorce in 2005. Lisbeth counterclaimed and sought equitable distribution of the home that was the subject of the 2001 House Agreement, which she contended was procured by misrepresentation.
After the filing of the dissolution, Todd’s parents filed a declaratory action against Lisbeth and Todd which sought to confirm their interest in the home under the House Agreement. Lisbeth’s answer and affirmative defenses attacked the contract as the product of Todd and his parents’ misconduct. The declaratory judgment action was assigned to a different judge than the dissolution action.
In the dissolution case, Lisbeth moved to consolidate the parents’ declaratory judgment action. She also moved to amend the counterpetition to join the parents as party defendants so that the dissolution judge could fully adjudicate the rights of all parties in the.marital home, which was arguably the largest marital asset. The dissolution judge denied the motions. Meanwhile, the judge in the declaratory relief action began to enter orders impacting both cases.
We grant the petition for writ of certio-rari and quash the orders of the dissolution judge denying consolidation and leave to amend. This case presents the potential irreparable harm that inconsistent rulings on the parties’ entitlement to and interest in the marital home will compromise the dissolution judge’s ability to fashion a final judgment under Chapter 61, Florida Statutes (2005). See Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45 (Fla. 2d DCA 1984); Johnson v. Johnson, 454 So.2d 797, 799 (Fla. 4th DCA 1984); Goldberg v. Goldberg, 309 So.2d 599, 600 (Fla. 3d DCA 1975).
We dismiss the petition directed at the dissolution of the lis pendens as moot, because the lis pendens at issue expired on June 21, 2006, one year after it was filed.
SHAHOOD and GROSS, JJ., concur.
WARNER, J., dissents with opinion.