LOGUE, J.
Michael McClain, the husband, appeals from the portion of the final judgment of dissolution of marriage that granted permanent periodic alimony to Madlen McClain, the wife. Because the wife never asked for alimony in her pleadings, we vacate the portion of the final judgment of dissolution which awarded alimony.
The husband filed a petition for dissolution of marriage seeking equitable distribution, exclusive possession of the marital home, shared parental responsibility, and child support. The wife, who was represented by counsel in the court below, filed an answer to the petition which did not seek alimony or spousal support. At one point in the proceedings, the wife moved to amend her answer to include counterclaims for alimony and for damages resulting from an alleged tort. But the wife never obtained an order on that motion. As trial approached, the wife filed a pretrial statement which fisted “child support, child time-sharing, and division of marital property”-but not alimony-as the issues to be tried.
At the end of the trial, the judge indicated that he intended to award alimony. The husband objected specifically on the basis that alimony “was never plead and there is no counterclaim asking for alimony.” The final judgment of dissolution, nevertheless, required the husband to pay $1,000 a month in alimony “until Wife remarries, lives in a supportive relationship as that term is defined by statute or dies.”
The husband appealed the final judgment of dissolution. We agree with the husband that the trial court erred in awarding alimony in these circumstances. “A court is not at liberty to award alimony where the benefitting spouse has failed to seek such relief in the pleadings.” Hines v. Hines, 494 So.2d 297, 297 (Fla. 3d DCA 1986); see also Palumbo v. Palumbo, 576 So.2d 799, 800 (Fla. 1st DCA 1991); Massey v. Massey, 478 So.2d 478, 479 (Fla. 2d DCA 1985); Cooper v. Cooper, 406 So.2d 1223, 1224 (Fla. 4th DCA 1981). Unless and until is granted, the mere filing of a motion to amend the pleadings does not constitute an actual amendment to the pleadings. Accordingly, the portion of the final judgment awarding alimony is vacated. The remainder is affirmed.
Reversed in part, affirmed in part.