FERNANDEZ, J.
Anette Santos appeals the trial court’s order adopting the findings and recommendations of the General Magistrate on a motion for modification of child support. We reverse the order with directions to enter an order providing that the children are entitled to the child support award on a permanent basis.
Santos is a single mother of two severely handicapped children. She filed a pro se Petition for Modification of Child Support. She requested that the trial court increase the amount of child support from the father, appellee Carlos Flores, and extend his support responsibility until the children reached age twenty-five, due to a substantial change of circumstances. She further alleged that the modification was in the best interest of the children so as to increase their quality of life.
The mother, represented by counsel, then filed a motion for leave to amend her petition and attached a proposed amended petition.[1] In her proposed amended petition, the mother requested that the trial court establish child support on a permanent basis due to a substantial change in circumstances. She also alleged that the request was in the best interests of the children because the children required constant care and supervision due to their severe disabilities. The trial court denied the motion for leave without prejudice. The trial court in its order did not provide any reasons for the denial. The mother thereafter moved for reconsideration of the denial of her motion. The trial court denied the motion.
*520 At the hearing before the magistrate on the mother’s pro se petition, the mother and a school teacher testified. The children, one of whom was seventeen at the time of the hearing and the other who was fifteen, have the intelligence and ability of an infant and a toddler. One of the children must take antipsychotic medication to control his behavior. The children cannot speak, understand when spoken to, feed themselves, dress, bathe, or use the restroom alone. The children must wear diapers, and they both need assistance and supervision twenty-four hours a day. The children attend a school for profoundly mentally handicapped individuals whose IQs range between 0 and 20.
The magistrate found that there was substantial, competent evidence that the children required support and were dependent, and they were going to be dependent beyond the age of eighteen based upon their mental incapacity. The magistrate further found that the testimony regarding the handicap of the children was unrebut-ted. The magistrate extended the father’s child support obligation until the children reached the age of twenty-five. The magistrate further found that she would have extended the modification of child support on a permanent basis, but she was limited to the relief requested in the pending petition.
We agree with the mother that the denial of her motion for leave to amend constituted an abuse of discretion. Florida Rule of Civil Procedure 1.190(a), expressly states that leave to amend must be given freely when justice requires it. Any doubt as to whether a motion for leave should be granted should be resolved in favor of the amendment. Overnight Success Constr., Inc. v. Pavarini Constr., Co., 955 So.2d 658, 659 (Fla. Sd DCA 2007). A trial court abuses its discretion when it denies a motion for leave to amend, absent abuse of the privilege to amend, futility of amendment, or prejudice to the non-mov-ant. Kay’s Custom Drapes, Inc. v. Garrote, 920 So.2d 1168, 1171 (Fla. 3d DCA 2006).
It cannot be said that the mother abused the privilege to amend. Her motion for leave to amend was the first instance where she requested such relief. There is no issue of futility either. The mother clearly stated a claim for relief because the children undeniably have a mental incapacity that requires permanent support. Nor does the record reflect that the motion for leave to amend would have caused any prejudice to the father, the opposing party. Any prejudice would have certainly been remedied with a continuance, which the father did not request. The interests of justice would have been served under these circumstances where the mother mistakenly did not request child support on a permanent basis, to which she was entitled under these circumstances. See § 743.07, Fla. Stat. (2012).
Accordingly, we hold that the trial court abused its discretion when it denied the mother leave to amend her petition for modification of child support. Given that the record contains competent, substantial evidence to support the magistrate’s determination that the award should be on a permanent basis, it would be a waste of judicial resources to remand for another hearing on the amended petition.
We therefore reverse the order under review with directions to grant the mother’s motion for leave to amend her petition for modification of child support consistent with the evidence introduced at the hearing before the magistrate. We further direct the court to enter judgment in the mother’s favor and award her child support on a permanent basis due to the mental incapacity of the children.
*521 Reversed and remanded with instructions.

. The father did not file a written response to the mother’s motion for leave to amend, and he filed no answer brief on appeal.