# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-532
Lower Tribunal No. 14-15780
_____

**Off Lease Only, Inc.,**
Appellant,

vs.

**LeJeune Auto Wholesale, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Peter Ticktin, Kendrick Almaguer, Ejola Cook and Simon Lassel (Deerfield Beach), for appellant.

Gary T. Stiphany, for appellee.

Before WELLS, ROTHENBERG and EMAS, JJ.

EMAS, J.

Appellant, Off Lease Only, Inc. ("Off Lease"), appeals from an order denying its motion for leave to file an amended complaint and a final summary judgment entered in favor of Appellee, LeJeune Auto Wholesale, Inc. d/b/a Car Factory Outlet ("Car Factory"). For the reasons that follow, we affirm in part and reverse in part the order granting summary judgment, reverse the order denying Off Lease's motion for leave to file an amended complaint, and remand for further proceedings consistent with this opinion.

In June 2014, Off Lease filed suit against Car Factory alleging, *inter alia*, violations of the Florida Deceptive and Unfair Trade Practices Act, sections 501.201 et seq., Florida Statutes (2014) ("FDUTPA"), and seeking damages and injunctive relief. Car Factory filed a motion for summary judgment arguing, in relevant part, that: 1) Off Lease was not entitled to seek injunctive relief or damages under FDUTPA because Off Lease was not a consumer; 2) Off Lease was not entitled to seek injunctive relief because the alleged conduct by Car Factory had already ceased; and 3) even if Off Lease could seek damages under FDUTPA, it was seeking only special or consequential damages, which are not recoverable under FDUTPA. Off Lease filed a response to Car Factory's motion for summary judgment, and also filed a motion for leave to amend its complaint.

At the hearing on Car Factory's summary judgment motion, Car Factory contended, and the trial court agreed, that our decision in Bio-Med Plus, Inc. v.

2

Health Coalition, Inc., 793 So. 2d 1092 (Fla. 3d DCA 2001) was dispositive of the issue and required entry of summary judgment because Off Lease was not a "consumer" and therefore could not maintain an action for either injunctive relief or damages under FDUTPA.[1]

The court entered final judgment in Car Factory's favor and denied Off Lease's motion for leave to amend its complaint. This appeal followed. The issues for our consideration have since been substantially narrowed. On appeal, Off Lease conceded that the trial court properly granted summary judgment on its claim for damages under FDUTPA, as Off Lease's claim in that regard sought only consequential damages, which are not recoverable under FDUTPA.[2] See §

_____

[1] Significantly for our purposes, while the Bio-Med opinion was issued six weeks after the 2001 amendments to FDUTPA, that decision construed the pre-2001 language of section 501.211.

[2] Section 501.211, Florida Statutes, provides remedies for a violation of FDUTPA. Relevant for our purposes, prior to 2001, that section provided:

> (1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.

> (2) In any individual action brought by a *consumer* who has suffered a loss as a result of a violation of this part, such *consumer* may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105; however, no damages, fees, or costs shall be recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.

3

501.211(2), Fla. Stat. (2014) (providing for recovery of "actual damages" suffered

as a result of a FDUTPA violation); <u>Rodriguez v. Recovery Performance &</u>

<u>Marine, LLC</u>, 38 So. 3d 178, 180 (Fla. 3d DCA 2010)(affirming judgment in favor

---

In 2001, the Florida Legislature amended section 501.211(2), pertaining to individual remedies.  See Ch. 2001-39, Laws of Florida (2001).  That statute, with the 2001 amendment, currently provides:

> (2) In any action brought by a *person* who has suffered a loss as a result of a violation of this part, such *person* may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105. However, damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.

(Emphasis added).

Though not directly dispositive of the issues before us, we nevertheless note that the trial court, relying on our 2001 decision in <u>Bio-Med</u>, held that Off Lease could not maintain a FDUTPA damages claim because it was not a "consumer." However, <u>Bio-Med</u> involved application of the pre-2001 FDUTPA statute that restricted a claim for damages to a "consumer."  In 2001, and as detailed above, the Legislature broadened the potential class of claimants, amending section 501.211(2) to provide that a FDUTPA claim for damages could be brought by "a **person** who has suffered a loss as a result of a violation of this part." (Emphasis added.)

Off Lease is therefore correct that section 501.211(2) no longer requires one to be a "consumer" to maintain an action for damages under FDUTPA. Nevertheless, Off Lease has candidly conceded that summary judgment was proper because Off Lease's FDUTPA damages claim was limited to consequential damages, rather than "actual" damages as contemplated by section 501.211(2). We therefore need not further address the trial court's reliance on <u>Bio-Med</u>, and affirm this portion of the trial court's order based on Off Lease's concession.

4

of defendant and holding that "under FDUTPA, the term 'actual damages' does not include special or consequential damages").[3]

Therefore, the issue remaining for our consideration is whether the trial court erred in entering summary judgment in favor of Car Factory on Off Lease's claim for injunctive relief under FDUTPA.

Addressing this issue, the subsection providing for a remedy of injunctive relief (§501.211(1)), has, since 1993, provided a right to declaratory and injunctive relief to "anyone aggrieved by a violation of this part. . . ." Further, that subsection provides that an aggrieved party may seek such relief "to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." By its express terms the statute contemplates, under the appropriate circumstances and proof, that one may seek injunctive relief for future violations. Under Florida law "an injunction will not be granted where it appears that the acts complained of have already been committed and there is no showing by the pleadings and proof that there is a reasonably well grounded probability that such course of conduct will continue in the future." City of Jacksonville v. Wilson, 27 So. 2d 108, 111 (1946)(emphasis added). See also Daniels v. Bryson, 548 So. 2d 679, 681 (Fla. 3d DCA 1989). The mere voluntary cessation of conduct alleged to be in violation of FDUTPA does not necessarily foreclose Off Lease from pursuing an action for

---

[3] In addition, the trial court granted summary judgment on the misuse of trademark claim. Off Lease did not raise this as an issue on appeal and it is therefore waived.

5

injunctive relief. See Sarasota Beverage Co. v. Johnson, 551 So. 2d 503 (Fla. 2d DCA 1989). The trial court erred in determining, as a matter of law, that the cessation of allegedly violative conduct precluded Off Lease from seeking relief under FDUTPA for future violations. As a result, the trial court did not reach the question of whether any genuine issue of material fact is in dispute. We therefore reverse that portion of the final summary judgment and express no opinion on the merits of the claim or whether there exists any genuine issue of disputed fact.

Because we are reversing in part the final summary judgment and remanding for proceedings consistent with this opinion, we also reverse the trial court's order denying Off Lease's motion for leave to amend its complaint. Consistent with this opinion, the trial court on remand should consider anew whether to grant Off Lease's motion insofar as it sought to amend its cause of action for injunctive relief under FDUTPA.[4]

Affirmed in part, reversed in part and remanded with instructions.

---

[4] Of course, such consideration should be undertaken in light of Florida's liberal policy which favors allowing parties to amend pleadings, generally resolving all doubts in favor of granting leave to amend. See Fla. R. Civ. P. 1.190(a) (providing that leave of court to amend pleadings "shall be given freely when justice so requires."). See also Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006) (holding that "refusal to allow an amendment is an abuse of the trial court's discretion 'unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile'") (quoting Kimball v. Publix Super Markets, Inc., 901 So. 2d 293, 296 (Fla. 2d DCA 2005)).