# Third District Court of Appeal

## State of Florida

Opinion filed June 16, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-463
Lower Tribunal No. 17-21699
_____

**Amanda Lynn DiGiacomo,**
Appellant,

vs.

**Odel Jorge Mosquera,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia B. Caballero, Judge.

Scanziani & Associates Law, P.A., and Jessica Ramirez-Garcia, for appellant.

Koltun Lazar Laleh, and Jessica T. Laleh, for appellee.

Before EMAS, C.J., and FERNANDEZ and LOGUE, JJ.

EMAS, C.J.

The Wife appeals a final judgment of dissolution of marriage. She raises several claims on appeal.[1]  While we find none of the claims have merit, and affirm the final judgment, we write to address the Wife's claim that the trial court abused its discretion in denying her motion for leave to amend to file a counterpetition for alimony.

**FACTS AND PROCEDURAL HISTORY**

In September 2017, after a short-term marriage of approximately six years, the Husband filed a petition for dissolution.  The petition was filed following an incident in which the Wife cut the neck of their then-fourteen-month-old child.  The Wife was arrested, and her parental rights to the child were subsequently terminated.  Here is the timeline of relevant proceedings and pleadings in the dissolution action:

- October 24, 2017: The Wife filed her Answer to the Husband's dissolution petition.  No counterpetition was filed.

---

[1] We affirm, without further discussion, the Wife's claims that the trial court: (1) failed to comply with Florida Family Law Rules of Procedure 12.440 (governing when a case may be set for trial); (2) erroneously reduced the Wife's share of the 2018 income tax refund to contribute to child-care costs where the Wife's parental rights had been terminated; and (3) abused its discretion in granting the Husband a credit for the carrying costs of the marital residence from the date of filing (September 2017) through the date of sale.

- August 2, 2018: The Wife's parental rights were terminated.

- January 21, 2019: The Husband filed a motion for leave to amend his petition.

- March 14, 2019: The Husband filed a motion to compel sale of marital residence and for relief from status quo (i.e., relief from maintaining a joint bank account and from paying for the Wife's personal expenses). Following a hearing on that motion, the trial court entered an order (on May 13, 2019) requiring the Husband to pay the Wife—commencing June 1, 2019—$900 a month.

- March 27, 2019: The trial court entered an "agreed order granting Husband's motion for leave to file amended petition for dissolution of marriage." It required the Wife to file a "response to the Amended Petition within ten (10) days."

- March 29, 2019: The Husband filed an Amended Petition. Ten days passed without the Wife filing a response to the Amended Petition.

- May 8, 2019: Five days before the trial court entered its order on the Husband's March 14 motion for relief from the status quo, the Wife filed a Motion for Temporary Alimony and Motion to Compel Status Quo. A hearing on the Wife's motion was scheduled for July 29, 2019.

3

- May 13, 2019: As noted above, the trial court entered its order on the Husband's motion to compel sale of the marital residence and for relief from the status quo, ordering the Husband to pay the Wife $900 a month.

- May 14, 2019: The trial court entered its Uniform Order setting the case for nonjury trial on September 9, 2019.

- June 27, 2019: Nearly three months past the deadline in the March 27 agreed order, the Wife filed her Answer to the Amended Petition. Her pleading did not include a counterpetition for alimony.

- June 28, 2019: The Husband filed a motion for continuance of the July 29 hearing (on the Wife's motion for temporary alimony) because that "temporary support hearing" was close in time to the September 9 final hearing, and because the Wife was already receiving temporary support pursuant to the trial court's May 13 order. The court granted the continuance contingent on the September 9 final hearing date remaining unchanged.

- August 23, 2019: The Husband filed his Pretrial Catalogue.

- September 4, 2019: Five days before trial, the Wife filed her Pretrial Catalogue. In this pleading, the Wife requested (for the first time) "bridge the gap alimony, rehabilitative alimony, durational alimony or lump sum alimony" and "a minimum of $3,000 per month."

4

- September 5, 2019: The Husband filed a motion to strike the Wife's Pretrial Catalogue as untimely or, in the alternative, a motion to strike those portions relating to her request for alimony.

- September 6, 2019: The Friday before the scheduled trial on Monday, September 9, the Wife filed a motion for leave to amend her Answer to the Amended Petition to include a counterpetition for alimony. A proposed counterpetition was attached.

- September 9, 2019: On Monday, trial commenced as scheduled, and the trial court addressed all pending motions, including the Wife's September 6 motion to amend her Answer to add a counterpetition for alimony. Following lengthy discussion and legal argument, the trial court denied the Wife's motion, noting *inter alia* that it could not grant relief that was not pled; the Wife had been represented by counsel at all relevant times in the proceedings; nothing in the Husband's pretrial catalogue anticipated (or prompted) the Wife's eleventh-hour request for alimony; and granting the motion to amend on the first day of trial would result in significant prejudice to the Husband.

The proceedings concluded on October 18, 2019; the parties presented closing argument, and the trial court entered final judgment. This appeal follows.

## ANALYSIS AND DISCUSSION

Florida Family Law Rules of Procedure 12.190(a),[2] entitled "Amended

Pleadings" provides:

> **Amendments**. A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. If a party files a motion to amend a pleading, the party must attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice so requires. A party must plead in response to an amended pleading within 10 days after service of the amended pleading unless the court otherwise orders.

---

[2] This rule was adopted, virtually verbatim, from Florida Rule of Civil Procedure 1.190(a), which provides:

> **Amendments**. A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. If a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 10 days after service of the amended pleading unless the court otherwise orders.

We review the denial of a motion for leave to amend for an abuse of discretion. Santos v. Flores, 116 So. 3d 518, 520 (Fla. 3d DCA 2013). Well-established law guides a trial court's exercise of that discretion when considering a party's motion for leave to amend a pleading:

> Florida Rule of Civil Procedure 1.190(a), provides that leave to amend 'shall be given freely when justice so requires.' Typically, refusal to allow amendment of a pleading constitutes an abuse of discretion unless allowing the amendment 'would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.' JVN Holdings, Inc. v. Am. Constr. & Repairs, 185 So. 3d 599, 601 (Fla. 3d DCA 2016) (quoting Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006)). While the policy in Florida, as articulated in Rule 1.190(a), is to allow amendments to pleadings liberally, 'a trial judge in the exercise of sound discretion may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished.' Alvarez v. DeAguirre, 395 So. 2d 213, 216 (Fla. 3d DCA 1981) (explaining that in addition to the desirability of allowing amendments to pleadings so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached).

Pangea Produce Distribs., Inc. v. Franco's Produce, Inc., 275 So. 3d 240, 242 (Fla. 3d DCA 2019).

Although Florida's liberal policy directs that leave to amend "shall be given freely when justice so requires," see rule 12.190(a), and "generally resolving all doubts in favor of granting leave to amend," see Off Lease Only, Inc. v. LeJeune Auto Wholesale, Inc., 187 So. 3d 868, 871 n. 4 (Fla. 3d DCA 2016), such liberality is not unbridled. Airlift Intern., Inc. v. Linee Aeree

7

Italiane, S.p.A., 212 So. 2d 109 (Fla. 3d DCA 1968). A court may exercise its discretion to deny such leave to amend where "it clearly appears that allowing the amendment would prejudice the opposing party." Dieudonne v. Publix Super Markets, Inc., 994 So. 2d 505, 507 (Fla. 3d DCA 2008) (quotation omitted). Indeed, the trial court's primary consideration in determining whether to grant leave to amend is prejudice to the opposing party. Wackenhut Protective Sys., Inc. v. Key Biscayne Commodore Club Condo. I, Inc., 350 So. 2d 1150 (Fla. 3d DCA 1977). In the instant case, the trial court properly determined that granting the Wife leave to amend to file, on the day of trial, a counterpetition for alimony would cause substantial prejudice to the Husband, who had been litigating the matter with the Wife for two years, and did not anticipate and had not prepared to litigate a claim for alimony (such preparation might include: retaining a vocational expert to address imputation of income for the Wife who was unemployed; deposing the Wife and/or Wife's expert on the issue; conducting pretrial preparation to meet and challenge an alimony claim). See, e.g., Minotty v. Baudo, 42 So. 3d 824, 836 (Fla. 4th DCA 2010) (finding no abuse of discretion in denying "the late-filed motion to amend" where the plaintiffs sought to assert a claim for punitive damages on their breach of fiduciary duty and fraud claims "on

8

the eve of trial," and noting that "the plaintiffs could have brought the motion as to those claims much earlier").

Relatedly, and as we have long held: "It is manifest that the further the case progresses, the more likely the granting of such amendment is inclined to prejudice the opponent." Airlift Intern., 212 So. 2d at 110. See also Lasar Mfg. Co. v. Bachanov, 436 So. 2d 236, 237-38 (Fla. 3d DCA 1983) (recognizing that the "liberality in granting leave to amend diminishes as the case progresses to trial"); United States v. State, 179 So. 2d 890, 893 (Fla. 3d DCA 1965) (observing: "While our courts are generally liberal in permitting the amendment of pleadings, this 'liberality' gradually diminishes as the case progresses").

Given the trial court's determination of clear, substantial prejudice to the opposing party, coupled with the eleventh-hour nature of the Wife's motion, we find no abuse of discretion in the trial court's denial of the Wife's motion for leave to amend to add a counterpetition for post-dissolution alimony.

We also find without merit the Wife's contention that the Wife's earlier motion for temporary alimony somehow put the Husband on notice that the Wife was seeking post-dissolution alimony. The Wife's motion for temporary

alimony specifically cited to section 61.071, Florida Statutes (2018),[3] and expressly sought an award of temporary alimony "[d]uring the pendency of" the dissolution of marriage proceeding. As the Wife's motion correctly noted, section 61.071 "pertains to alimony in a dissolution proceeding and does not address a temporary award post-dissolution." Reidy v. Reidy, 232 So. 3d 1053, 1055 (Fla. 4th DCA 2017).

Nor did the postponement of the hearing on the Wife's motion for temporary alimony reasonably suggest that the Husband should have anticipated that the final hearing would somehow involve an unpled request by the Wife for post-dissolution bridge-the-gap, rehabilitative, durational or lump sum alimony. Indeed, the reason the trial court postponed the hearing on the Wife's request for temporary alimony and to maintain the status quo was that the final hearing was only ten weeks away, and the Husband was already paying the Wife $900 per month during the pendency of the

---

[3] Section 61.071, Florida Statutes (2018), provides for alimony and suit money "pendente lite," meaning during the pendency of the dissolution proceeding. See Florida Bar re Frankel, 581 So. 2d 1294, 1299 n.5 (Fla. 1991) (noting: "'Pendente lite' is defined as '[p]ending the lawsuit; during the actual progress of a suit; during litigation.'" (quoting Black's Law Dictionary 1134 (6th ed. 1990))); Holly v. Holly, 89 So. 132, 133 (Fla. 1921) (noting: "Alimony pendente lite is awarded to furnish the wife, from whom the husband has withdrawn his support, with the means of living, and for the further reason, in which there is a high public interest, that she may not become a charge upon the state, while her rights are being adjudicated. Counsel fees are awarded to enable the wife to maintain or defend her suit.")

dissolution proceeding. A review of the Wife's own motion, together with the Husband's motion and the trial court's order, supports the conclusion that the Husband did not anticipate, nor should he reasonably have anticipated, that the Wife would be seeking post-dissolution alimony at the final hearing.

Because neither the Wife's motion for temporary alimony, nor her Answer to the amended petition, properly pled a request for post-dissolution alimony, the Wife cannot prevail on this unpled claim. McClain v. McClain, 105 So. 3d 641, 642 (Fla. 3d DCA 2013) (holding: "A court is not at liberty to award alimony where the benefitting spouse has failed to seek such relief in the pleadings.") (quotation omitted). See also Clark v. Clark, 147 So. 3d 655, 6xx (Fla. 5th DCA 2014) (rejecting the wife's contention that alimony was at issue by virtue of her "pre-trial compliance," and explaining that the pre-trial compliance document "is not a substitute for amending the complaint").

**<u>CONCLUSION</u>**

The trial court did not abuse its discretion in denying leave to amend to file a counterpetition seeking post-dissolution alimony given the trial court's proper determination of substantial prejudice to the Husband and the Wife's filing of the motion for leave to amend on the Friday before the Monday of the final hearing.

Affirmed.